# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

```
ANDREW TAGHON                      )
                                   )
Petitioner,                        )
                                   )
vs.                                )   CAUSE NO. 2:16-cv-81
                                   )
WARDEN, FEDERAL                    )
CORRECTIONAL                       )
INSTITUTION-JESUP,                 )
                                   )
Respondent.                        )
```

## OPINION AND ORDER

This matter is before the Court on the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed by Petitioner, Andrew Taghon, on May 26, 2015 (DE #1). For the reasons set forth below, the habeas petition (DE #1) is **DENIED AND DISMISSED WITHOUT PREJUDICE.**

Taghon filed the instant petition for writ of habeas corpus on May 26, 2015, in the Southern District of Georgia, while he was incarcerated there. (DE #1.) He has since been transferred back to the Northern District of Indiana.

The Government moved to dismiss his section 2241 petition, arguing the court lacked jurisdiction because Taghon could have raised his claim in a motion to vacate his sentence under 28 U.S.C. § 2255. (DE #8.) On October 19, 2015, during the pendency of this 2241 petition, Taghon filed a section 2255 motion in the Northern

District of Indiana (the district of his conviction), which is currently pending before the Honorable Philip P. Simon, Case No. 2:07-cr-149. Taghon makes essentially the same arguments in the habeas petition as the section 2255 petition. He asserts the United States Supreme Court's decision in *Skilling v. United States*, 561 U.S. 358 (2010), renders the basis of his conviction under the honest services fraud count (18 U.S.C. § 1343) nonexistent and makes him "actually innocent." Because Taghon was transferred back to the Northern District of Indiana, the Southern District of Georgia determined that it did not have jurisdiction over the 2241 motion. (DE ##14, 15.) That Court transferred the 2241 petition to this Court, and stated this Court should dismiss the 2241 petition. (DE ##14, 15, 16.)

A petitioner challenging his conviction or sentence under section 2241 must first demonstrate that his remedy under section 2255 is truly inadequate or ineffective. *Taylor v. Warden, FCI Marianna*, 557 F. App'x 911, 913 (11th Cir. 2014); *see also Hill v. Werlinger*, 695 F.3d 644, 647-48 (7th Cir. 2012) (Section 2255 applies to challenges to the validity of convictions and sentences, whereas section 2241 applies to challenges to the fact or duration of confinement; federal prisoner may use a section 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if section 2255 is inadequate or ineffective). When prisoners "have filed § 2241 petitions challenging their convictions and

sentences while they were simultaneously seeking relief via § 2255 motions [] this Court has consistently denied their § 2241 petitions as premature." *Colbert v. Ives*, 2013 WL 1856080, No. 12-99-GFVT, at *4 (E.D. Ky. Apr. 30, 2013) (citing *Besser v. Holland*, 2011 WL 3608498, No. 11-CV-70-HHRW, at *2-3 (E.D. Ky. Aug. 16, 2011) (dismissing § 2241 petition as premature pending resolution of petitioner's § 2255 motion in the sentencing court), *aff'd*, 2012 WL 4121122 (6th Cir. Sept. 20, 2012); *Brandon v. Holland*, 2011 WL 87183, No. 10-117-DLB, at *1 (E.D. Ky. Jan. 6, 2011) (same); *White v. Grondolsky*, 2006 WL 2385358, No. 6:06-309-DCR, at *2 (E.D. Ky. Aug. 17, 2006) (same)). "[T]he Petitioner must first pursue his trial court remedy under § 2255 before he may seek relief under § 2241." *Grondolsky*, 2006 WL 2385358, at *3; *see also Knutson v. Hood*, 18 Fed. App'x 528, 529 (9th Cir. 2001) (finding petitioner could not file a section 2241 petition before his direct appeal was completed and before he filed a section 2255 motion raising those claims).

Taghon's habeas petition will therefore be dismissed without prejudice. If he so chooses, Taghon may file another petition under section 2241 after the sentencing court has addressed the section 2255 motion.

**DATED: August 30, 2016**                    /s/ RUDY LOZANO, Judge
                                              **United States District Court**